IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COLTEN LEE SHAMBO,<br><br>Defendant. | CR 18-54-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Colten Lee Shambo (Shambo) has been accused of violating the conditions of his supervised release. Shambo admitted all of the alleged violations. Shambo's supervised release should be revoked. Shambo should be placed in custody for 3 months, with 21 months of supervised release to follow. The District Court should consider terminating Shambo's supervised release if he completes 12 continuous months of supervised release with no violations.

## II. Status

Shambo pleaded guilty to Domestic Abuse by an Habitual Offender on September 4, 2018. (Doc. 22). The Court sentenced Shambo to 33 months of custody, followed by 2 years of supervised release. (Doc. 35). Shambo's current

term of supervised release began on November 13, 2020. (Doc. 38 at 1).

**Petition**

The United States Probation Office filed a Petition on September 30, 2021, requesting that the Court revoke Shambo's supervised release. (Doc. 38). The Petition alleged that Shambo had violated the conditions of his supervised release: 1) by failing to report for mental health treatment; 2) by failing to report for substance abuse testing; 3) by consuming alcohol; and 4) by failing to notify his probation officer of a change in residence.

**Initial appearance**

Shambo appeared before the undersigned for his initial appearance on December 7, 2021. Shambo was represented by counsel. Shambo stated that he had read the petition and that he understood the allegations. Shambo waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on December 7, 2021. Shambo admitted that he had violated the conditions of his supervised release: 1) by failing to report for mental health treatment; 2) by failing to report for substance abuse testing; 3) by consuming alcohol; and 4) by failing to notify his probation officer

of a change in residence. The violations are serious and warrant revocation of Shambo's supervised release.

Shambo's violations are Grade C violations. Shambo's criminal history category is II. Shambo's underlying offense is a Class C felony. Shambo could be incarcerated for up to 24 months. Shambo could be ordered to remain on supervised release for up to 24 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.  Analysis

Shambo's supervised release should be revoked. Shambo should be incarcerated for 3 months, with 21 months of supervised release to follow. This sentence is sufficient but not greater than necessary. The District Court should consider terminating Shambo's supervised release if he completes 12 continuous months of supervised release with no violations.

### IV.  Conclusion

The Court informed Shambo that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Shambo of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Shambo that Judge Morris would consider a timely objection before making a final determination on

3

whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Colten Lee Shambo violated the conditions of his supervised release: by failing to report for mental health treatment; by failing to report for substance abuse testing; by consuming alcohol; and by failing to notify his probation officer of a change in residence.

The Court **RECOMMENDS:**

> That the District Court revoke Shambo's supervised release and commit Shambo to the custody of the United States Bureau of Prisons for 3 months, with 21 months of supervised release to follow. The District Court should consider terminating Shambo's supervised release if he completes 12 continuous months of supervised release with no violations.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 8th day of December, 2021.

John Johnston
United States Magistrate Judge