IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COLTEN LEE SHAMBO,<br><br>Defendant. | CR 18-54-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

### I. Synopsis

Defendant Colten Lee Shambo (Shambo) has been accused of violating the conditions of his supervised release. Shambo admitted all of the alleged violations. Shambo's supervised release should be revoked. Shambo should be placed in custody for 6 months, with no supervised release to follow.

### II. Status

Shambo pleaded guilty to Domestic Abuse by an Habitual Offender on September 4, 2018. (Doc. 22). The Court sentenced Shambo to 33 months of custody, followed by 2 years of supervised release. (Doc. 35). Shambo's current term of supervised release began on January 31, 2023. (Doc. 68 at 2).

**Petition**

The United States Probation Office filed a Petition on January 3, 2024, requesting that the Court revoke Shambo's supervised release. (Doc. 68). The Petition alleged that Shambo had violated the conditions of his supervised release: 1) by using methamphetamine; and 2) by failing to participate in substance abuse testing.

**Initial appearance**

Shambo appeared before the undersigned for his initial appearance on January 16, 2024. Shambo was represented by counsel. Shambo stated that he had read the petition and that he understood the allegations. Shambo waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 16, 2024. Shambo admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine; and 2) by failing to participate in substance abuse testing. The violations are serious and warrant revocation of Shambo's supervised release.

Shambo's violations are Grade C violations. Shambo's criminal history category is II. Shambo's underlying offense is a Class C felony. Shambo could be

incarcerated for up to 24 months. Shambo could be ordered to remain on supervised release for up to 20 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III. Analysis

Shambo's supervised release should be revoked. Shambo should be incarcerated for 6 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Shambo that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Shambo of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Shambo that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Shambo stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

That Colten Lee Shambo violated the conditions of his supervised release: by using methamphetamine; and by failing to participate in substance abuse testing.

The Court **RECOMMENDS:**

That the District Court revoke Shambo's supervised release and commit Shambo to the custody of the United States Bureau of Prisons for 6 months, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 17th day of January, 2024.

John Johnston
United States Magistrate Judge